UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LOUIS BERNARDO SCOTT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-543-R |
| | ) | |
| C/O WALLACE et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Louis Bernardo Scott Jr., a California state prisoner appearing pro se, filed his 42 U.S.C. § 1983 Complaint without submitting any payment to the Court. *See* Compl. (Doc. No. 1). Plaintiff's Complaint was not personally signed by Plaintiff as required by the Federal Rules of Civil Procedure. *See* Compl.; Fed. R. Civ. P. 11(a); *cf.* Fed. R. Civ. P. 56(c)(4); 28 U.S.C. § 1746. In addition, Plaintiff's Complaint failed to separately identify each defendant, to state "a short and plain statement of the grounds for the court's jurisdiction," or to include "a demand for the relief sought"—all as required by the Federal Rules of Civil Procedure and by this Court's Local Civil Rules and forms. *See* Compl.; Fed. R. Civ. P. 8(a), 10(a); LCvR 9.2(a). Further, Plaintiff did not pay the $400 filing fee or submit an application requesting leave to proceed *in forma pauperis* (i.e., to proceed without full prepayment and with a reduced filing fee of $350). *See* LCvR 3.2, 3.3(a).

United States District Judge David Russell referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. On June 3, 2014, the undersigned, in view of the deficiencies in Plaintiff's Complaint and the lack of

payment of a filing fee for this case, ordered Plaintiff to submit a new, properly signed complaint and to either pay the $400 filing fee or file an application seeking leave to proceed *in forma pauperis* no later than July 3, 2014. *See* Order (Doc. No. 4). Plaintiff was advised: "Failure to comply with this Order may result in the dismissal of this action." *See id.* at 2.

Plaintiff then submitted an Amended Complaint as well as an Application for Leave to Proceed *In Forma Pauperis*. *See* Doc. Nos. 5, 6. While Plaintiff's Application was not facially deficient, Plaintiff's Amended Complaint again was not personally signed as required by the Federal Rules of Civil Procedure. *See* Am. Compl. (Doc. No. 5); Fed. R. Civ. P. 11(a); *cf.* Fed. R. Civ. P. 56(c)(4); 28 U.S.C. § 1746. Further, Plaintiff's Amended Complaint fails to adequately identify one of the three named Defendants and as to other Defendants fails to specify an understandable claim or claims through supporting facts. *See* Am. Compl.; *cf.* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

Accordingly, on July 11, 2014, the undersigned directed that Plaintiff shall have "one final opportunity" to cure the deficiencies of his pleading by submitting a new, properly signed complaint no later than August 4, 2014. *See* Order (Doc. No. 7). Plaintiff again was advised: "Failure to comply with this Order may result in the dismissal of this action." *See id.* at 2. To date, Plaintiff has not submitted a new, proper complaint or requested an extension of time to comply with the Court's order.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. Fed. R. Civ.

P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" when entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

The Court has provided Plaintiff ample notice of the possibility of dismissal. Plaintiff's failure to prosecute his action and to comply with Court orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing inherent power of a court to dismiss suits for lack of prosecution on its own initiative).

RECOMMENDATION

The undersigned therefore recommends that Plaintiff's action be dismissed without prejudice to refiling, with no fees or costs imposed or collected. *See* Fed. R. Civ. P. 41(b); LCvR 3.4(a), 9.2(a). Plaintiff's pending Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 6) should be denied as moot upon dismissal.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 5, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that

failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 15th day of August, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE