# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS BERNARDO SCOTT, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-14-543-R |
| C/O WALLACE et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Charles B. Goodwin entered August 15, 2014. Doc. No. 8. Plaintiff has filed an Objection to the Magistrate Judge's conclusion in the Report and Recommendation. Doc. No. 9. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

Plaintiff, a state prisoner appearing *pro se*, brings suit under 42 U.S.C. § 1983. The Magistrate Judge recommends dismissing this action without prejudice due to Plaintiff's failure to cure deficiencies in his pleadings. Plaintiff's Amended Complaint is not personally signed, as required by Federal Rule of Civil Procedure 11(a). Doc. No. 5, at 4-5. Plaintiff also failed to identify a claim with supporting facts that underlies his § 1983 action. Doc. No. 5, at 3-4.

The Magistrate Judge twice ordered Plaintiff to sign his pleading, once after he filed his initial Complaint, and a second time after filing the Amended Complaint. Doc. No. 4; Doc. No. 7. Plaintiff was also ordered to "specify an understandable claim or

claims through supporting facts" after filing his Amended Complaint. Doc. No. 7, at 2. The Magistrate Judge noted in his second Order that this would be Plaintiff's "final opportunity to cure the deficiencies," and that he must do so by submitting a new complaint no later than August 4, 2014. *Id.* Plaintiff was also told that "[f]ailure to comply with this Order may result in the dismissal of this action." *Id.* As of August 15, 2014, Plaintiff had not submitted a new complaint or requested an extension of time to do so.

The Court may dismiss an action *sua sponte* if a plaintiff fails to comply with a court order. FED. R. CIV. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Moreover, when dismissing without prejudice, the Court need not consider any particular factors. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" (citation omitted)).

Plaintiff has failed to comply with two Orders directing him to cure the deficiencies in his Complaint and Amended Complaint, and does not provide a reason for his noncompliance in his Objection. Accordingly, the Report and Recommendation of the

Magistrate Judge is ADOPTED, as supplemented herein, and Plaintiff's Amended Complaint [Doc. No. 5] is dismissed without prejudice.

IT IS SO ORDERED this 6th day of October, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE